**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BARBARA ANN MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-377-SRC |
| | ) |
| MISSOURI STATE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Barbara Ann Moore for leave to commence this civil action without payment of the required filing fee. ECF No. 2. Having reviewed the financial information provided on plaintiff's application to proceed in district court without prepaying fees or costs, the Court finds the motion should be granted. *See* 28 U.S.C. § 1915(a)(1). Furthermore, for the reasons explained below, the Court will dismiss plaintiff's complaint as frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. at 327). Allegations are clearly baseless if they are "fanciful," "fantastic," "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

2

## The Complaint

On March 9, 2020, plaintiff Barbara Ann Moore filed this civil suit on a court-provided form naming the following defendants:  Missouri State, IRS, Office Max/Depot, USPS, and McAffee.  ECF No. 1 at 1.  The pertinent information provided on the complaint is brief and best conveyed by direct quotes.  Under the 'Basis for Jurisdiction' section of the complaint, plaintiff states: "A hate crime has been committed against me to do harm of human trafficking."  *Id.* at 3.  Plaintiff's 'Statement of the Claim' is as follows:

> Someone keeps changing my name on-line, holding my profile as captivity to harm me, and my now business.  I have lost personal and business files.  My profile[] describes me as someone else.

*Id.* at 5.  As to the 'Relief' sought, plaintiff states: "There could be no arrangements for an amount of human trafficking" and "I can't put a price on my life."  *Id.* at 5-6.  In addition, on the civil cover sheet filed at the initiation of this matter, plaintiff states as a brief description of the cause of action: "unable to complete taxes correctly."  ECF No. 1-1 at 1.

## Discussion

The Court has carefully reviewed and liberally construed plaintiff's complaint and concludes that none of the allegations the Court can decipher state a plausible claim for relief.  The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner.  *See* Fed. R. Civ. P. 8, 10.  Even self-represented litigants are obligated to abide by these Rules.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Here, plaintiff has not done so.

Plaintiff's complaint fails to identify any facts which would give rise to any action against the named defendants. Nowhere in the complaint does plaintiff set forth a short and plain statement of what she claims entitles her to relief as required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff does not even mention the defendants by name in her short statement of the claim. The Court is unable to ascertain what plaintiff is attempting to claim as a viable cause of action or what claim she is alleging against each named defendant. Plaintiff has included no facts which would plausibly notify defendants of the claims against them.

Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or construct claims. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff). Plaintiff has not provided any facts to support her allegations and state a valid claim against the named defendants.

In addition, the Court finds the factual allegations in the complaint to be delusional and fanciful, and therefore clearly baseless. *See Denton*, 504 U.S. at 32-33. As best the Court can decipher, plaintiff is alleging that she is the victim of identity theft online and it has resulted in problems filing her taxes. However, it is unclear how such a crime relates to human trafficking and the price of plaintiff's life. For these reasons, the Court will dismiss this action as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

4

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Missouri State, IRS, Office Max/Depot, USPS, and McAffee are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel [ECF No. 3] is **DENIED as moot**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of May, 2020.

_SLR.CR_

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**